McGREGOR NOE HARDWARE COMPANY, Appellant v. J. M. LIVESAY, Respondent.

### St. Louis Court of Appeals, October 9, 1900.

1. **Sale of Goods: RESCISSION OF CONTRACT: EVIDENCE.** Under the evidence in the case at bar the defendant was in the wrong in refusing to receive the goods shipped to him by plaintiff, and he must answer for the purchase price, unless the sale was rescinded.

2. ———: ———: ACCEPTANCE: DEFENSE: ACTION. The proposition for a rescission of the sale in the case was that the defendant should order the goods reshipped and pay the freight both ways, and this proposition to be available to defendant required prompt acceptance and a full compliance with its terms. The defendant did not do this, and therefore he is without a defense in this action.

Appeal from the Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED *(with directions)*.

*Orchard & Saye* for appellant.

(1) There being no fraud or mutual mistake in the contract of sale, neither party could rescind without the con-

sent of the other. Cloes & Lehenbuter Mfg. Co. v. McCord, 65 Mo. App. 509; Davis v. Bond, 75 Mo. App. 35. (2) Tender or offer of judgment will be of no avail to appellee in this case. R. S. 1889, sec. 3945; 59 Mo. App. 121. (3) The law presumes that charges for storage and caring for the goods have accrued although not a matter of proof. The only ground for refusal of goods ever offered by appellee was appellant's letter stating that they were shipped on the strong letter of their salesman, Mr. Moore, who wrote it that the bill would be paid promptly when due.

No brief furnished for respondent.

BIGGS, J.—The defendant is engaged in business in South Fork, Missouri. On the seventh day of November, 1898, he delivered to one Moore, a salesman in the employ of plaintiff, an order for a bill of goods. The goods were to be shipped to West Plains, a station on the railroad near South Fork. The plaintiff's place of business is in Springfield, Missouri. The order was received by plaintiff at Springfield on the ninth day of November and the goods were shipped on that day. On the following day (10th) the defendant received a letter from plaintiff notifying him of the receipt of the order and stating that it would be filled. The defendant took exception to something in the letter and immediately sent a telegram countermanding the order. This telegram was received after the goods had been shipped. The shipment arrived at West Plains and the defendant refused to receive it, upon the ground that he had countermanded the order. After some correspondence (during which time the goods remained in the custody of the railroad company at West Plains) the plaintiff offered to enter credit on its books for the amount of the goods if the defendant would pay the freight charges from Springfield to West Plains and return.

The defendant accepted the proposition. He paid the freight from Springfield to West Plains, but he failed to pay the return charges. When the goods arrived at Springfield the plaintiff refused to receive them, as the railroad company demanded of it the payment of return freight charges. At the expiration of the credit the plaintiff instituted this suit before a justice of the peace. Prior to the trial the defendant deposited with the justice the amount of freight due the railroad company and also the costs of the suit that had theretofore accrued. The foregoing statement is borne out by all of the evidence in the case. The jury under the instructions of the court returned a verdict for the defendant. The plaintiff has appealed.

Unquestionably the defendant was in the wrong in refusing to receive the goods, and he must answer for their purchase price, unless the sale was rescinded. The defendant relies on a rescission of the contract, and that question was submitted to the jury by the following instruction:

"The court instructs the jury that on the fifteenth of November, 1898, plaintiff offered to take back the goods in question if defendant would pay all freight both ways, and reship the goods to plaintiff. Therefore if you find from the evidence that defendant at once paid the freight on such goods from Springfield to West Plains and reshipped the goods to plaintiff at Springfield, and has since that time tendered in the justice court, the full amount of the freight on such goods from West Plains to Springfield, together with all costs up to such tender, then your finding should be for defendant."

This instruction is indefensible. The proposition for a rescission of the sale was that the defendant should order the goods reshipped and pay the freight both ways. This proposition to be available to defendant required prompt acceptance and a full compliance with its terms. This is plain. The

defendant did not do this, and therefore he is without a defense in the action.    It is unreasonable to say that he could avail himself of the plaintiff's offer of settlement by depositing the freight charges with the justice more than sixty days after the offer of compromise was made.    Besides the deposit with the justice was neither a payment nor an offer of payment to the railroad company.

The defendant in his testimony stated that there were one or two articles contained in the account sued on which he did not order.    Were it not for this we would direct a judgment to be entered in favor of the plaintiff.    As it is we will reverse the judgment of the circuit court and remand the case for further proceeding.    All concur.